## CHARLES H. FOX *v.* LARKIN SMITH.

1. PLEADING: PLEA MUST ANSWER THE CAUSE OF ACTION AS STATED IN THE DECLARATION.—A plea in bar to a declaration on special contract must contain matter which is a complete defence to the contract as it is stated in the declaration.

2. CONTRACT: SPECIAL AGREEMENT: DISCHARGE OF: CASE IN JUDGMENT.— F. received from S. a sum of money which he agreed to invest in the building of a steamboat for the Pearl river trade, and that he and one H.

would build and complete the boat by a certain specified time :—*Held*, that F. was not discharged from his obligation to build and complete the boat, or return the money, by a delivery of the money, with the knowledge and consent of S., to H., his partner, who was to use it in building the boat, but lost it by the failure of the banker with whom he deposited it; it would, have been otherwise if F. had merely agreed to invest the money in building the boat.

ERROR to the Circuit Court of Lawrence county. Hon. John E. McNair, judge.

The pleadings and evidence are sufficiently stated in the opinion of the court.

The charges given on behalf of the plaintiff below were substantially as follow:

That if the jury believe, from the evidence, that the special contract set forth in the declaration has been established, that then no other discharge of that contract will do but a compliance with it or a return of the money; that the parting with his money by Smith is a sufficient consideration for the undertaking of Fox as stated in the declaration; that under said contract Smith was entitled to recover, unless Fox had actually invested the money in building a boat, or paid it back; that, if Fox chose to acknowledge the receipt of money paid into the hands of Hill, and undertook that it should be invested in a particular way, that then he was as much responsible as if it had been paid to him; that where no time is specified for the performance of a contract, the law implies that it is to be performed in a reasonable time, and that the time of the performance of a contract may be proven by parol.

At the instance of defendant the jury were charged, that if, at the time of the reception of the money, it was then and there paid in good faith by the defendant, according to the direction of plaintiff towards and upon the object for which it was received, and that defendant did all he agreed to do, then they will find for him; that if Fox was not to build the boat himself, and did not undertake to be responsible for the building of the same, but that by an understanding with the plaintiff, Hill was to build the boat, and that Fox paid the money in good

faith to Hill, with the consent and by directions of plaintiff, and performed his contract or agreement in all respects, they must find for defendant; that the plaintiff having sued on a special contract, he must prove the contract as alleged, or they will find for defendant; that when a special agreement is proven, plaintiff cannot recover on the common counts; that under the pleadings, proof that the boat was to be built by Hill alone, without any undertaking to build it on the part of Fox, will not authorize a verdict for plaintiff; that if plaintiff deposited his money with Fox for a special purpose, and if the money was invested by Fox for that purpose, with the knowledge and consent of plaintiff, Fox is released.

*Jno. T. Lamkin,* for plaintiff in error.

*Yerger* and *Rucks,* for defendant in error.

HANDY, J., delivered the opinion of the court:

This action was brought upon a special contract, which is thus stated in the declaration: that in April, 1857, the plaintiff paid into the hands of the defendant one thousand dollars, for which the defendant gave his receipt in these words: "Received, April 29, 1857, from Larkin Smith, one thousand dollars, to be invested in the building of a steamboat for the Pearl river trade. [Signed] Charles H. Fox;" and the declaration avers that said boat was to be built by the said Fox and one D. G. Hill, and it was agreed by the said Fox, when he obtained the said money from the plaintiff, that said boat was to be completed and brought into the Pearl river trade in the fall of 1857, or during the early part of the winter of 1857–8; and that said boat was not built and brought into the Pearl river trade as agreed, nor was the money invested in the building of the steamboat as agreed, and that the defendant has failed and refused to refund the money to plaintiff. There is also a count in the declaration for money had and received.

The defendant pleaded, first, the general issue, and, second, a special plea, which was demurred to and the demurrer sustained; and upon leave to plead over, another plea was filed,

which is in substance as follows: that, immediately after the reception of the money and the execution of the receipt mentioned in the first count in the declaration, the defendant, in pursuance of the object for which he received the money as stated in the receipt, and in order to carry out the purpose therein expressed, did, with the knowledge and consent of the plaintiff, hand the said money to D. G. Hill, (who was to superintend the construction of the steamboat mentioned in said receipt, as the plaintiff well knew and approved of,) the said money to be used by said Hill for the plaintiff's benefit in and about the building of the said boat, since which time the defendant has never had or received any part of said sum of money. To this plea the plaintiff likewise demurred, and the demurrer was sustained; and this, together with the judgment on the demurrer to the original second plea, is the first error assigned.

As the amended plea contains all that is set up in the original plea, it is only necessary, in the view we take of these pleas, to consider the demurrer to the amended plea.

The grounds of demurrer are, that the plea seeks to vary the written contract; and the defence set up is contradictory to the acknowledgment contained in the receipt; and that the plea is not a sufficient answer to the declaration.

The two first grounds are not well taken. The declaration alleges that the defendant received the money to be invested in the building of a steamboat, as shown by his receipt; and that the boat was to be built by the defendant and Hill, and that the defendant agreed, when he obtained the money from the plaintiff, that the boat was to be completed and brought into the Pearl river trade in the fall of 1857. It is manifest that, so far as the obligation of the defendant to invest the money in the building of the steamboat was concerned, it would have been a sufficient discharge of that obligation if the defendant had, with the consent of the plaintiff, delivered the money to a party who was agreed to superintend the construction of the boat, to be used by him for that purpose. That would have been a compliance with the defendant's contract to invest the money in the building of the boat, and is in nowise inconsistent with it. Hence the plea is not objectionable on these grounds.

VOL. X.—23

But still the plea was not an answer to the declaration. The ground of complaint was, not only that the defendant had undertaken to *invest* the money in the building of the boat, but that it was *to be built* by him and Hill, and completed and brought into the trade by the time stated. If this be true, it was not a performance of his contract that he delivered the money to Hill in furtherance of the enterprise and with the plaintiff's consent; for, by the terms of the contract as stated, he became further responsible for the building of the boat by himself and Hill, which obligation was not discharged by his mere delivery of the money to Hill, with the plaintiff's consent. Taking the statements of the plea as true, the plaintiff might have been willing that the money should be placed in the hands of Hill, to be used about building the boat, and yet that would not affect the responsibility of the defendant to see that the boat was built and complete, according to the statement of that material part of the contract in the declaration. On this ground, the demurrers were properly sustained.

After the judgment upon the demurrers, the case was tried on the general issue, and a verdict rendered for the plaintiff. The defendant made a motion for a new trial, on various grounds, which was overruled, and exception taken thereto.

The errors assigned thereon are, the granting the instructions asked by the plaintiff, the refusal of those of the defendant, and the overruling of the motion for a new trial, as the verdict was contrary to the evidence.

The objections founded upon the instructions granted and refused, as well as the ground of the motion for a new trial because the verdict was against the evidence, proceed upon the view taken in behalf of the plaintiff in error, that the evidence did not show that the defendant was to be responsible for the building of the boat; but on the contrary that he was only bound to deliver the money to Hill, who was charged with the building of the boat, and that he was not responsible after that, if the boat was not built.

This appears to be the turning point of the controversy, between the parties; and the question appears to have been fairly submitted to the jury by the instructions. We perceive

nothing in them of which the defendant has just ground of complaint.

As to the insufficiency of the evidence to show that it was the understanding of the plaintiff and defendant that the latter was to be responsible for the building and completion of the boat, we consider the verdict as amply sustained.

It was distinctly testified by the plaintiff, that when the defendant received the money from him, the defendant stated that the boat was to be built by him and Hill, and brought into the Pearl river trade, and that this was the express and only consideration on which he let the defendant have the money; that defendant came to plaintiff and proposed to him to take an interest in the boat which defendant and Hill and others proposed to build, and the plaintiff said he could get one thousand dollars for that purpose; that he understood from defendant that Hill was to superintend the building of the boat; that he had nothing to do with Hill himself, but intended to contract alone with defendant; that on the day of the date of the receipt, defendant and Hill came to plaintiff's house, and defendant said, " We have come for that money," and plaintiff then counted it out on a table, and Hill took it and defendant gave the receipt for it mentioned in the declaration; that after the failure to complete the boat and after the expiration of the time agreed on, plaintiff called on defendant for his money, who said he had not the money at that time, but offered to give him a mortgage on some slaves, if he would wait for the money; which plaintiff declined; and defendant never denied his liability for the money.

Hill testified for the defendant the same in substance in relation to the circumstances attending the reception of the money from the plaintiff as stated above; and that, after he received the money, he deposited it with a mercantile house in New Orleans, and proceeded to Cincinnati, and with the business of having the boat built there, but, before its completion, the pecuniary embarrassments of 1857 came on, and caused the failure of the house in New Orleans with which the money had been deposited, and the enterprise failed and was abandoned, because of the loss of this money; that the house was considered good and solvent when the money was deposited, and, after its failure,

he notified defendant of it, but gave no notice to the plaintiff; that he never had any thing to do with the plaintiff at any time in the business except going with defendant and getting the money as above stated; and it was understood that witness was to be captain and defendant the pilot of the boat when built.

The defendant testified in his own behalf, as to his applying to plaintiff for the money and informing him of the purpose, substantially as stated by plaintiff; that plaintiff replied that, if Hill wanted to build a boat, he could get some money from him; that the money was counted out on a table where defendant, Hill, and plaintiff were seated, and Hill took the money, and plaintiff made no objection to his taking it; that they told plaintiff they had come for the money; that defendant had got some money from one Foxworth for the same purpose, which he afterwards repaid upon the failure to build the boat.

It is thus seen that the plaintiff fully testifies that the defendant was to be responsible *for the building of the boat,* and that is not denied or disproved by the testimony of the defendant himself, or of his witness, Hill. It is corroborated by the fact of the defendant proposing to secure the money to the plaintiff by mortgage, when applied to by him for its payment after the failure to build the boat and the loss of the money, which the defendant does not attempt to explain or deny; and by the further fact, stated by him, that he refunded the money advanced to him by another person for the same purpose, upon the failure of the enterprise.

Upon this evidence it is very clear that the verdict was right; and even if the instructions were erroneous, the motion to set it aside should not have been sustained.

Judgment affirmed.